(78 Misc. Rep. 130.)

### WILLIAM H. HENRY & CO. v. FRY et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. USURY (§ 18*)—USURIOUS TRANSACTIONS.

Where a borrower of $40 agreed to pay back $60 in four months and to obtain a guaranty to secure payment, and he confessed judgment for $60 and $15 costs and $10 attorney's fees at the time of the making of the loan, the debt created was void for usury, under General Business Law (Consol. Laws 1909, c. 20) §§ 371–373, prohibiting usury and declaring usurious contracts void.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 31–34, 36–38, 40; Dec. Dig. § 18.*]

2. GUARANTY (§ 5*)—GUARANTY OF PAYMENT OF USURIOUS DEBT—VALIDITY.

A guaranty of the payment of a debt void for usury is also void for usury.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 7; Dec. Dig. § 5.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by William H. Henry & Co. against John E. Fry and another. From a judgment for plaintiffs, defendants appeal. Reversed, and complaint dismissed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Blandy, Mooney & Shipman, of New York City (Andrew J. Shipman and Ralph W. Thomas, both of New York City, of counsel), for appellants.

Hamerman & Rosenfeld, of New York City (Jacob R. Schiff, of New York City, of counsel), for respondents.

SEABURY, J. Several questions are urged upon this appeal, but the determination of one of them is decisive, not only of the appeal, but of the action itself. The plaintiffs sue upon a written

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

agreement of guaranty, wherein the defendants agreed that, if the plaintiffs would loan one Shea $60, they would pay the full amount of any judgment recovered against Shea for this debt.

[1] The only oral evidence in this case was given by Shea, who was called by the plaintiffs and cross-examined by the defendants. If, for the purpose of this appeal, we adopt the view most favorable to the respondents, and assume that a judgment by confession was recovered against Shea by the plaintiffs, it is, nevertheless, evident that the loan to Shea was usurious. The undisputed proof shows that Shea sought to borrow $40 from the plaintiffs, and that the plaintiffs loaned him this sum for four months upon his promise to pay back $60. It is fairly inferable from the testimony that was given that, at the time of making the loan, the plaintiffs exacted of Shea a confession of judgment for $60 and $15 costs and $10 for attorney fees. It also appears that, at the time the loan was made, the plaintiffs required Shea to give them the guaranty agreement, upon which the plaintiffs now seek to recover the amount of the usurious debt from these defendants.

[2] The debt, payment of which these defendants guaranteed, was void for usury (General Business Law [Consol. Laws 1909, c. 20] §§ 371–373), and the obligation which the defendants, as sureties, assumed was of the same character. To treat the agreement of guaranty as of a different character from the original debt would place the principal in a better position than the sureties, and leave the sureties without the right to recover indemnity from their principal, and enable the usurer to evade the prohibitions of the statute. Brandt's Law of Suretyship and Guaranty (3d Ed.) vol. 1, p. 509.

In Rosa v. Butterfield, 33 N. Y. 665, the court, while holding that the defense of usury was unavailable to a corporation, through Davis, J., said:

"If the notes be intrinsically usurious, and therefore violations of the statute, the guaranties are necessarily so; for they are coeval in their creation, and identical in their consideration. * * * Unlike the guaranty of an existing contract, which may stand by itself, though the obligation guaranteed be invalid, these instruments must look for their consideration to that which upholds the notes, and, when that fails through illegality, nothing remains to sustain any part of the transaction. In that view they are neither more nor less than collateral undertakings for the payment of a loan void by statute, and, as part of the securities upon which the usurious loan was based, are infected with a vice that pervades and destroys the whole."

In Heidenheimer v. Mayer, 42 N. Y. Super. Ct. 506, 516, Speir, J., said:

"I am unable to appreciate the view taken by counsel between the notes and the guaranty as separate existing contracts. If these notes are intrinsically usurious, and therefore in violation of the statute, the guaranty is equally so. It had no different or other consideration than the notes. They were delivered at the same time and identical in their consideration, and the contracts are not independent."

In Webb on Usury, § 301, it is said:

"The guaranty of the performance of an obligation must stand or fall with the obligation; so, if a note, the payment of which is guaranteed, is

void for usury, and the guaranty is supported by no other consideration, it must, of necessity, fall with the note. The guaranty fails to the same extent as the usurious debt guaranteed fails."

The fact that the usurer sought to disguise the illegal character of the contract under the cover of a confession of judgment and an agreement of guaranty does not in any respect better the position of the lender. It was a mere subterfuge or contrivance to cheat the law. The law in such cases looks at the substance of the transaction, rather than its superficial appearance. "Where the real transaction is a loan of money," said Lord Mansfield, "the wit of man cannot find a shift to take it out of the statute." Floyer v. Edwards, 1 Cowper's R. 112, 114. The original obligation being void for usury, the guaranty of the defendants to pay the debt was of the same character, and no recovery can be had upon it.

It follows that the judgment should be reversed, and the complaint dismissed, with costs. All concur.